**BROWNEWELL, Plaintiff, v. COLUMBUS CLAY MANUFACTURING COMPANY et, Defendants.**

Common Pleas Court, Franklin County.

No. 183364.   Decided June 16, 1955.

Miller & Miller, Columbus, for plaintiff.
Willis H. Liggett, Columbus, for defendants.

## OPINION

By LEACH, J.

Heard on motion of plaintiff for reconsideration of decision of March 7, 1955, sustaining demurrer of defendant, Crocker First National Bank of San Francisco; and on motion of defendant, Edszen B. Landrum for judgment in his favor on the pleadings.

On March 7, 1955, decision was rendered by this Court sustaining a demurrer to the petition filed by defendant Crocker First National Bank of San Francisco on the ground that it appeared on the face of the petition that this Court had no jurisdiction of the subject of this action.

On March 12, 1955, defendant Edszen B. Landrum filed a motion for judgment in his favor on the pleadings on the basis that, so far as he is concerned, this Court has no jurisdiction of the subject matter of this action.

On March 14, 1955, plaintiff filed a motion for rehearing as to the decision of this Court of March 7, 1955, and requested an oral hearing at some time after April 16, 1955. Such a hearing was had on April 23, 1955, at which time plaintiff also filed a memorandum which has been carefully examined and considered by this Court. In view of the fact that a "rehearing" was in effect held on April 23, 1955, we shall consider plaintiff's motion of March 14, 1955, as a motion for reconsideration.

Counsel for both sides appear to agree that the issue involved in the motion of defendant Edszen B. Landrum for judgment in his favor on the pleadings is not distinguishable from the issue involved in the motion of plaintiff for reconsideration. In other words, if as we concluded in our decision of March 7, 1955, this Court has no jurisdiction of the subject matter of this action, it would follow that defendant Edszen B. Landrum is entitled to judgment in his favor on the pleadings and it also would follow that plaintiff's motion for reconsideration should be overruled.

The single issue involved at this time, therefore, is whether we were correct in our conclusion reached in the decision of March 7, 1955, that this Court lacks jurisdiction of the subject matter of this action. After a careful reconsideration of our previous decision and of the contentions of the plaintiff and of the cases cited by counsel for plaintiff in his memorandum, we are firmly of the opinion that our previous decision is a correct statement of the law.

Since defendant Crocker First National Bank and defendant Edszen B. Landrum both are residents of California and since service was obtained on them in California, presumably under the provisions of §11292 GC (now §2703.14 R. C.) counsel for plaintiff must and does concede that this Court cannot have jurisdiction of the subject of this action unless the action relates to or the subject of which is personal property in this state. Is this an action in rem? Plaintiff asserts that it is. We cannot agree. If this be an action in rem, it would follow that this Court would have the power to make an order directed to the property itself without the necessity of compelling the non-resident defendants to take any personal action.

Assuming that plaintiff otherwise would prevail in this action and establish in this court the right to the return to her of the certificates of stock in question and the shares represented thereby, just how could this Court effectuate such a redelivery? By an order directed to defendant Crocker First National Bank or defendant Edszen B. Landrum to take action to re-deliver such certificates, enforceable by contempt of court? Obviously not. Such would be an order in personam and not an order in rem. By an order in rem directed to the certificates themselves? Such an order, however, since the time of the passage in Ohio of the Uniform Stock Transfer Act in 1911, clearly is not within the power of this Court under the decision of the Ohio Supreme Court

in **Knight v. Shutz, 141 Oh St 267.** We quote from the opinion of Turner, J. at page 281:

"There have been cases in which a court of equity, having all parties before it, has entered a decree which operated upon the title of stock and transferred it to a third person while the certificate was outstanding. Yet no such case, insofar as we have been able to find, has been decided where the Uniform Stock Transfer Act was applicable."

The Knight case was reviewed at greater length in our March 7, 1955 decision and no useful purpose would be served by repeating herein all of our reasoning as contained in that decision. Suffice it to say that even if a trust relationship were created, and we do not believe that it was, nevertheless, this Court lacking the power to enter a decree operating upon the title of the stock and transferring it, and lacking the power to make an order in personam directed to the non-resident defendants, ordering them to transfer the certificates and the shares represented thereby, necessarily lacks jurisdiction of the subject matter of this action.

The motion for re-hearing filed by plaintiff on March 14, 1955, may be considered as a motion for re-consideration of our previous decision of March 7, 1955, and as such overruled. The motion of defendant Edszen B. Landrum for judgment in his favor on the pleadings may be sustained and the cause of action against him dismissed at the plaintiff's costs. Entry may be prepared accordingly.